1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   JESSICA RACHEL GUZIKAUSKAS,           Case No.:  3:18-cv-2086-GPC-MDD

12                              Plaintiff,
                                          **ORDER GRANTING APPLICATION**
13   v.                                   **TO PROCEED IN FORMA**
                                          **PAUPERIS AND REFERRING**
14   NANCY A. BERRYHILL, Acting           **MATTER TO MAGISTRATE**
     Commissioner of Social Security,     **JUDGE**
15
                               Defendant. **[ECF No. 2]**
16

17

18        Plaintiff, Jessica Rachel Guzikauskas, with counsel, has filed a complaint

19   requesting judicial review of the Commissioner's decision denying Plaintiff's claims for

20   disability insurance benefits and supplemental security income under Title II & XVI of

21   the Social Security Act.  Compl., ECF No. 1.  Plaintiff did not prepay the civil filing fee

22   required by 28 U.S.C. § 1914(a) at the time of the filing, but instead filed an Application

23   to Proceed in Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915.  Pl.'s Application,

24   ECF No. 2.  For the following reasons, the Court **GRANTS** Plaintiff's application to

25
                                    1
26

27

28

proceed IFP.

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he or she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all of his or her assets, showing that he or she is unable to pay the fees. *See* 28 U.S.C. § 1915(a). Such an affidavit must include a complete statement of the plaintiff's assets. *See id.*

Here, Plaintiff submitted a declaration reporting that her total monthly income is $910.00, coming solely from Social Security disability payments. Pl.'s Application, ECF No. 2 at 1-2. She has $200.00 in a checking account and owns a car worth $300.00. *Id.* at 2-3. On the other hand, her monthly expenses total $1,045.00. *Id.* at 4-5. Plaintiff indicates that she will pay counsel on a contingency fee basis. *Id.* at 5.

Plaintiff has sufficiently demonstrated that she is unable to pay the required filing fee and that he meets the requirements to proceed IFP. Plaintiff's Application to Proceed in Forma Pauperis is therefore **GRANTED**.

All matters arising in the above-captioned social security appeal are hereby referred to the Honorable Mitchell D. Dembin, United States Magistrate Judge, for report and recommendation pursuant to section 636(b)(1)(B) of Title 28 of the United States Code and Civil Local Rule 72.1. *See* 28 U.S.C. § 636(b)(1)(B); S.D. Cal. Civ. R. 72.1.

**IT IS SO ORDERED**.

2

Dated:  September 10, 2018

Hon. Gonzalo P. Curiel
United States District Judge

3